UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BASF Corporation, | Case No. 2:23-cv-01265-CDS-EJY |
| Plaintiff | **Order Dismissing Action for Lack of Prosecution** |
| v. | |
| Las Vegas Collision Center LLC, | |
| Defendant | |

Plaintiff BASF Corporation initiated this breach of contract action in August 2023. Compl., ECF No. 1. Although defendant Las Vegas Collision Center, LLC was properly served (ECF No. 4), there has been no activity in this matter by BASF since filing the proof of service on September 6, 2023. After finding that this action has been pending in this court for more than 270 days without any proceeding of record, I notified BASF that this case would be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b) and Local Rule 41-1 if no action was taken by June 28, 2024. Order, ECF No. 5. The deadline has long passed, and BASF has not responded in any way. Consistent with the warning given, I now dismiss this case without prejudice for failure to prosecute.

I.     **Legal standard**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24.

## II. Discussion

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). A case that is delayed by a party's failure to comply with deadlines cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). This action has come to a complete halt, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. While the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.* Here, BASF failed to respond despite the court's efforts to provide them with the opportunity to do so. Since it appears that BASF does not intend to litigate this action diligently, there arises a rebuttable presumption of prejudice to the defendants. *See e.g., Anderson v. Air W.*, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from unreasonable delay).

The fourth factor, the public policy favoring disposition of cases on their merits, typically weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228. Although this factor typically weights against dismissal, it is BASF's responsibility to move the case toward disposition at a reasonable pace, and BASF has failed to do so. And the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, this factor favors dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Such warning was given here. Order, ECF No. 5. Despite that notice, BASF still failed to respond or take any action. Thus, the fifth factor favors dismissal.

### III.    Conclusion

Finding that the dismissal factors and circumstances of this case weigh heavily in favor of dismissal, this action is dismissed without prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 41-1. The Clerk of Court is kindly directed to close this case.

Dated: July 19, 2024

_____
Cristina D. Silva
United States District Judge